## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MOSES SINGLETON,

    Plaintiff,

v.

                            Case No. 1:24-cv-01281-JPB-JKL

FIRST PREMIER BANK; STELLANTIS
FINANCIAL SERVICES, INC.; LOCKHART,
MORRIS, & MONTGOMERY INC.; NCB
MANAGEMENT SERVICES, INC.; EXPERIAN
INFORMATION SOLUTIONS, INC.; and
TRANSUNION, LLC,

    Defendants.
_____/

## **DEFENDANT, NCB MANAGEMENT SERVICES, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, NCB Management Services, Inc. (NCB), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to Plaintiff's Complaint filed by plaintiff, Moses Singleton (plaintiff), and states:

### INTRODUCTION

1. NCB admits plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but

1

denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, NCB denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2. NCB denies the allegations in ¶ 2.

3. NCB denies the allegations in ¶ 3.

## PARTIES

4. Upon information and belief, NCB admits the allegations in ¶ 4.

5. NCB denies the allegations in ¶ 5 as calling for a legal conclusion.

6. NCB denies the allegations in ¶ 6 as calling for a legal conclusion.

7. NCB denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. NCB denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. NCB denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. NCB admits it credit reports as part of its business. Except as specifically admitted, NCB denies the allegations in ¶ 10.

11. NCB denies the allegations in ¶ 11 as calling for a legal conclusion.

12. NCB denies the allegations in ¶ 12 as calling for a legal conclusion.

13. NCB denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. NCB denies the allegations in ¶ 14 as calling for a legal conclusion.

15. NCB denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. NCB denies the allegations in ¶ 16 as calling for a legal conclusion.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. NCB denies the allegations in ¶ 17.

18. The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 18 state otherwise, denied.

19. NCB denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, denied.

21. NCB denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. NCB denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. NCB denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. NCB denies the allegations in ¶ 24.

25. NCB denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. NCB denies the allegations in ¶ 26.

27. NCB denies the allegations in ¶ 27.

## **WRITTEN DISPUTE**

28. NCB denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29. NCB denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. NCB denies the allegations in ¶ 30.

31. NCB denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief therein.

32. NCB denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. NCB denies the allegations in ¶ 33.

34. NCB denies the allegations in ¶ 34.

35. NCB denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. NCB denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. NCB denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. NCB denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. NCB denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. NCB denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. NCB denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. NCB denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

43. NCB denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

44. NCB denies the allegations in ¶ 44.

45. NCB denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. NCB denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47. NCB denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48. NCB denies the allegations in ¶ 48.

**COUNT I – First Premier**
**(Fair Credit Reporting Act Violation - 15 U.S.C. § 1681s-2(b))**

49. NCB reasserts the foregoing as if fully stated herein.

50. The allegations in ¶ 50 are not directed toward NCB. To the extent a response is required, denied.

51. The allegations in ¶ 51 are not directed toward NCB. To the extent a response is required, denied.

52. The allegations in ¶ 52 are not directed toward NCB. To the extent a response is required, denied.

53. The allegations in ¶ 53 are not directed toward NCB. To the extent a response is required, denied.

54. The allegations in ¶ 54 are not directed toward NCB. To the extent a response is required, denied.

55. The allegations in ¶ 55 are not directed toward NCB. To the extent a response is required, denied.

## COUNT II - Stellantis
### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681s-2(b))

56. NCB reasserts the foregoing as if fully stated herein.

57. The allegations in ¶ 57 are not directed toward NCB. To the extent a response is required, denied.

58. The allegations in ¶ 58 are not directed toward NCB. To the extent a response is required, denied.

59. The allegations in ¶ 59 are not directed toward NCB. To the extent a response is required, denied.

60. The allegations in ¶ 60 are not directed toward NCB. To the extent a response is required, denied.

61. The allegations in ¶ 61 are not directed toward NCB. To the extent a response is required, denied.

62. The allegations in ¶ 62 are not directed toward NCB. To the extent a response is required, denied.

## COUNT III - LLM
### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681s-2(b))

63. NCB reasserts the foregoing as if fully stated herein.

64. The allegations in ¶ 64 are not directed toward NCB. To the extent a response is required, denied.

65. The allegations in ¶ 65 are not directed toward NCB. To the extent a response is required, denied.

66. The allegations in ¶ 66 are not directed toward NCB. To the extent a response is required, denied.

67. The allegations in ¶ 67 are not directed toward NCB. To the extent a response is required, denied.

68. The allegations in ¶ 68 are not directed toward NCB. To the extent a response is required, denied.

69. The allegations in ¶ 69 are not directed toward NCB. To the extent a response is required, denied.

### COUNT IV - LLM
**(Fair Debt Collection Practices Act Violation - 15 U.S.C. § 1692e)**

70. NCB reasserts the foregoing as if fully stated herein.

71. NCB denies the allegations in ¶ 71 as calling for a legal conclusion.

72. NCB denies the allegations in ¶ 72 as calling for a legal conclusion.

73. NCB denies the allegations in ¶ 73 as calling for a legal conclusion.

74. NCB denies the allegations in ¶ 74 as calling for a legal conclusion.

75. NCB denies the allegations in ¶ 75 as calling for a legal conclusion.

76. NCB denies the allegations in ¶ 76 as calling for a legal conclusion.

77. NCB denies the allegations in ¶ 77 as calling for a legal conclusion.

78. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 78 state otherwise, denied.

79. NCB denies the allegations in ¶ 79 as calling for a legal conclusion.

80. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 80 state otherwise, denied.

81. The allegations in ¶ 81 are not directed toward NCB. To the extent a response is required, denied.

## COUNT V - NCB
### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681s-2(b))

82. NCB reasserts the foregoing as if fully stated herein.

83. NCB denies the allegations in ¶ 83.

84. NCB denies the allegations in ¶ 84.

85. NCB denies the allegations in ¶ 85.

86. NCB denies the allegations in ¶ 86.

87. NCB denies the allegations in ¶ 87.

88. NCB denies the allegations in ¶ 88.

## COUNT VI - NCB
### (Fair Debt Collection Practices Act Violation - 15 U.S.C. § 1692e)

89. NCB reasserts the foregoing as if fully stated herein.

90. NCB denies the allegations in ¶ 90 as calling for a legal conclusion.

91. NCB denies the allegations in ¶ 91 as calling for a legal conclusion.

92. NCB denies the allegations in ¶ 92 as calling for a legal conclusion.

93. NCB denies the allegations in ¶ 93 as calling for a legal conclusion.

94. NCB denies the allegations in ¶ 94 as calling for a legal conclusion.

95. NCB denies the allegations in ¶ 95 as calling for a legal conclusion.

96. NCB denies the allegations in ¶ 96 as calling for a legal conclusion.

97. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 97 state otherwise, denied.

98. NCB denies the allegations in ¶ 98 as calling for a legal conclusion.

99. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 99 state otherwise, denied.

100. NCB denies the allegations in ¶ 100.

## COUNT VII – Experian and Transunion
### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681e(b))

101. NCB reasserts the foregoing as if fully stated herein.

10

102. The allegations in ¶ 102 are not directed toward NCB. To the extent a response is required, denied.

103. The allegations in ¶ 103 are not directed toward NCB. To the extent a response is required, denied.

104. The allegations in ¶ 104 are not directed toward NCB. To the extent a response is required, denied.

105. The allegations in ¶ 105 are not directed toward NCB. To the extent a response is required, denied.

106. The allegations in ¶ 106 are not directed toward NCB. To the extent a response is required, denied.

107. The allegations in ¶ 107 are not directed toward NCB. To the extent a response is required, denied.

108. The allegations in ¶ 108 are not directed toward NCB. To the extent a response is required, denied.

## COUNT VIII – Experian and Transunion
### (Fair Credit Reporting Act Violation - 15 U.S.C. § 1681i)

109. NCB reasserts the foregoing as if fully stated herein.

110. The allegations in ¶ 110 are not directed toward NCB. To the extent a response is required, denied.

111. The allegations in ¶ 111 are not directed toward NCB. To the extent a response is required, denied.

112. The allegations in ¶ 112 are not directed toward NCB. To the extent a response is required, denied.

113. The allegations in ¶ 113 are not directed toward NCB. To the extent a response is required, denied.

114. The allegations in ¶ 114 are not directed toward NCB. To the extent a response is required, denied.

115. The allegations in ¶ 115 are not directed toward NCB. To the extent a response is required, denied.

116. The allegations in ¶ 116 are not directed toward NCB. To the extent a response is required, denied.

## NCB'S AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court lacks jurisdiction due to the presence of mandatory binding arbitration in the account agreement.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. NCB denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of NCB' purported violations.

4. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NCB and were beyond the control or supervision of NCB or for whom NCB was and is not responsible or liable.

7. Plaintiff has failed to state a claim against NCB upon which relief may be granted.

WHEREFORE, Defendant, NCB Management Services, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: May 14, 2024          Respectfully Submitted,

/s/ Kirsten H. Smith
Kirsten H. Smith, Esq.
Georgia Bar No. 702220
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 846-7943
ksmith@sessions.legal

*Counsel for Defendant*
*NCB Management Services, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2024, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

> Esther Nneka Oise
> Oise Law Group PC
> 2635 Governors Walk Blvd
> Snellville, GA 30078
> oiselaw@gmail.com

*/s/ Kirsten H. Smith*
Attorney